UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
YAJAIRA ROSARIO,

                                    Plaintiff,                      CIVIL ACTION NO.

            -against-                                      COMPLAINT

FRESH SMOOTHIES LLC, FRESH FRUTII LLC,
ROBINSON CAPELLO, and JOHN FRANCIS RIVERA,

                                    Defendants.
-------------------------------------------------------------------------X

        Plaintiff Yajaira Rosario ("Plaintiff"), complaining of the defendants, Fresh Smoothies LLC ("Fresh Smoothies"), Fresh Frutii LLC ("Fresh Frutii"), Robinson Capello, and John Francis Rivera (collectively, "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

        1.       This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the Internal Revenue Code, 26 U.S.C. § 7434.

        2.       This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA and the Internal Revenue Code.

        3.       This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

        4.       Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed by Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

9. Defendant Fresh Smoothies is a domestic limited liability company with its principal place of business located at 2450 Creston Avenue, Bronx, New York 10468.

10. Defendant Fresh Frutii is a domestic limited liability company with its principal place of business located at 2449 Creston Avenue, Bronx, New York 10468.

11. Fresh Smoothies and Fresh Frutti (collectively, the "Restaurants") are restaurants that serve Latin American food, fruit juices, and smoothies.

12. Defendant Capello is an individual residing, upon information and belief, in the State of New York.

13. At all relevant times, Capello was, and still is, an officer, director, shareholder and/or person in control of the Restaurants who exercises significant control over the Restaurants' operations and has the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

14. Defendant Rivera is an individual residing, upon information and belief, in the State of New York.

15. At all relevant times, Rivera was, and still is, an officer, director, shareholder and/or person in control of the Restaurants who exercises significant control over the Restaurants' operations and has the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

16. Upon information and belief, at all relevant times, the Restaurants had common owners, officers, and directors, and were controlled by Capello and Rivera.

17. At all relevant times, the Restaurants shared many of the same employees.

18. At all relevant times, the Restaurants utilized much of the same equipment and inventory.

19. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising her performance.

20. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

21. At all relevant times, Defendants were responsible for compensating Plaintiff.

22. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

23. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

24. Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

25. Defendants are subject to suit under the statutes alleged above.

### III. Factual Allegations

26. Plaintiff worked for Defendants as a food prepper at Fresh Frutii from in or around June 2017 until in or around May 2018; and then at Fresh Smoothies from in or around October 2018 until on or around September 13, 2019.

27. As a food prepper, Plaintiff's primary job duties included chopping fruits and vegetables, preparing smoothies, assembling salads, and preparing other food items.

28. From the start of her employment until in or around December 2017, Plaintiff regularly worked Mondays through Saturdays, from approximately 7:00 a.m. until between 3:00 p.m. and 4:00 p.m., for a total of approximately fifty-one (51) hours per week

29. From in or around January 2018 until in or around May 2018, Plaintiff regularly worked Mondays through Sundays, either from approximately 3:00 p.m. until between 11:00 p.m. and 12:00 a.m.; or from approximately 7:00 a.m. until between 3:00 p.m. and 4:00 p.m., depending on when she was instructed to come in. During this time period, Plaintiff worked for a total of approximately fifty-nine and one-half (59.5) hours per week.

30. From in or around October 2018 until the end of her employment, Plaintiff regularly worked Mondays through Saturdays, from approximately 6:00 a.m. until between 3:00 p.m. and 4:00 p.m., for a total of approximately fifty-seven (57) hours per week.

31. Throughout her employment, Plaintiff was not afforded any meal or rest breaks during her shifts, and ate any meals while working.

32. From the start of her employment until in or around November 2017, Plaintiff was paid $9.50 per hour for all hours worked, including those over forty (40) per week.

33. From in or around December 2017 until in or around May 2018, Plaintiff was paid $10.00 per hour for all hours worked, including those over forty (40) per week.

34. From in or around October 2018 until in or around December 2018, Plaintiff was paid $11.00 per hour for all hours worked, including those over forty (40) per week.

35. From in or around January 2019 until the end of her employment, Plaintiff was paid for the first twenty (20) hours per week at a rate of $15.00 per hour. For all additional hours, including those over forty (40) per week, she was paid at a rate of $11.00 per hour.

36. From in or around January 2019 until the end of Plaintiff's employment, Defendants paid Plaintiff for the first twenty (20) hours she worked each week by check, with withholdings for federal, state and local taxes, but paid her in cash for any additional hours worked, without any withholdings for federal, state and local taxes.

37. While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to receive at least the minimum wage for all hours worked and overtime compensation for all hours worked in excess of forty (40) per week.

38. However, Plaintiff was not paid at least the minimum wage for all hours worked.

39. Moreover, despite routinely working more than forty (40) hours per week, Plaintiff was not paid overtime compensation of one and one-half (1.5) times her regular rate of pay or the applicable minimum wage rate, whichever is greater, for the hours she worked in excess of forty (40) per week.

40. Defendants also failed to furnish to Plaintiff, at the time she was hired or at any time thereafter, a notice containing her rate of pay, the designated payday, or other information required by NYLL § 195(1).

5

41. In addition, Plaintiff did not receive, with each wage payment, statements listing her regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

42. Defendants violated federal and state law by willfully failing to pay Plaintiff the statutory minimum wages for all hours worked; failing to compensate Plaintiff with overtime wages for all hours worked in excess of forty (40) per week; failing to provide Plaintiff with the required wage statements and payroll notices in violation of NYLL §§ 195(1) and (3); and reporting fraudulent information returns to the IRS.

## AS AND FOR A FIRST CAUSE OF ACTION
(Overtime Violations Under the FLSA)

43. Plaintiff repeats and realleges all prior allegations set forth above.

44. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to receive overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the statutory minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

45. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

46. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay or the statutory minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

47. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

48. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

49. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
(Overtime Violations Under the NYLL)

50. Plaintiff repeats and realleges all prior allegations set forth above.

51. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the statutory minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

52. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

53. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay or the statutory minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a week.

54. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

55. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

56. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of her unpaid overtime wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Minimum Wage Violations Under the NYLL)

57. Plaintiff repeats and realleges all prior allegations.

58. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to the statutory minimum wages for all of the hours she worked.

59. Throughout Plaintiff's employment, Defendants knowingly failed to pay Plaintiff the applicable statutory minimum wage for all of the hours she worked.

60. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

61. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

62. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of her unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Timely Pay Wages Under the NYLL)

63. Plaintiff repeats and realleges all prior allegations.

64. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid her earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

65. Throughout the relevant time period, Defendants routinely failed to pay Plaintiff all of her earned wages in accordance with the agreed-upon terms of employment.

66. Throughout the relevant time period, Defendants failed to timely pay Plaintiff all of her earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

67. Throughout the relevant time period, Defendants failed to pay Plaintiff all minimum and overtime wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

68. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

69. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

70. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Provide Payroll Notices Under the NYLL)

71. Plaintiff repeats and realleges all prior allegations.

72. Defendants failed to furnish to Plaintiff, at her time of hire or at any time thereafter, notices containing her rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; her regular pay day designated by the employer; and other information required by NYLL § 195(1).

73. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the

9

violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

74. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Provide Wage Statements Under the NYLL)

75. Plaintiff repeats and realleges all prior allegations.

76. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: her regular and overtime rates of pay and basis thereof; the number of regular and overtime hours she worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

77. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

78. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Fraudulent Filing of Information Returns)

79. Plaintiff repeats and realleges all prior allegations.

80. From in or around January 2019 until the end of Plaintiff's employment, Defendants regularly paid Plaintiff part of her wage compensation by check with withholdings for

federal, state, and local taxes, and part of her wage compensation in cash without any withholdings for federal, state and local taxes.

81. During this time period, Defendants provided Plaintiff with a copy of the Form W-2 that Defendants filed with the United States Internal Revenue Service ("IRS"), which reflected only the wages that Plaintiff was paid by check.

82. A Form W-2 is an information return as defined by 26 U.S.C. § 6724(d)(1).

83. Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. § 7434 by filing the Form W-2 with false information regarding the payments of wages to Plaintiff.

84. As Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. § 7434, Plaintiff is entitled to damages in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff, costs of the action, and reasonable attorneys' fees.

85. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff, costs of the action, and reasonable attorneys' fees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## AGAINST FRESH FRUTII AND FRESH SMOOTHIES
(Corporate Combine)

86. Plaintiff repeats and realleges all prior allegations as set forth above.

87. Upon information and belief, Fresh Frutii and Fresh Smoothies operated as a single business operation.

88. Upon information and belief, Fresh Frutii's and Fresh Smoothies' records were maintained by the same persons and entities.

11

89. Upon information and belief, Fresh Frutii and Fresh Smoothies employed many of the same employees.

90. Upon information and belief, Fresh Frutii and Fresh Smoothies were each merely fragments of a larger business.

91. Upon information and belief, Fresh Frutii and Fresh Smoothies were not maintained as separate corporate entities.

92. Judgment should be entered on the Eighth Cause of Action in favor of Plaintiff and against Fresh Frutii and Fresh Smoothies, determining they were merely part of a corporate combine and declaring Fresh Frutii and Fresh Smoothies liable for each other's debts and for all amounts due in the First through Seventh Causes of Action herein, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due, liquidated damages; and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for damages in the amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff, costs of the action, and reasonable attorneys' fees;

h) on the Eighth Cause of Action for an order and judgment determining that Fresh Frutii and Fresh Smoothies were merely part of a corporate combine and declaring Fresh Frutii and Fresh Smoothies liable for each other's debts and for all amounts due in the First through Seventh Causes of Action herein;

i) Interest;

j) Costs and disbursements; and

k) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 27, 2020

>*/s/ Nicola Ciliotta*____
>Nicola Ciliotta
>Katz Melinger PLLC
>280 Madison Avenue, Suite 600
>New York, New York 10016
>Telephone: (212) 460-0047
>Facsimile: (212) 428-6811
>nciliotta@katzmelinger.com
>*Attorneys for Plaintiff*