```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
YAJAIRA ROSARIO,                                                   :
                                                                   :
                            Plaintiff,                             :
                                                                   :       20-cv-5831 (LJL)
            -v-                                                    :
                                                                   :       AMENDED
FRESH SMOOTHIES LLC, FRESH FRUTII LLC,                             :    MEMORANDUM AND
ROBINSON CAPELLAN, and JOHN FRANCIS                                :         ORDER
RIVERA,                                                            :
                                                                   :
                            Defendants.                            :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

On December 9, 2021, the Court ordered the entry of default judgment against Defendants Fresh Frutii LLC, Fresh Smoothies LLC (together with Fresh Frutii LLC, the "Restaurants"), Robinson Capello, and John Francis Rivera. *See* Dkt. No. 36 at 2, 17–18. That same day, the Clerk of Court entered judgment in favor of Plaintiff Yajaria Rosario reflecting the Court's holding and setting forth Plaintiff's damages. Dkt. No. 37.

On July 2, 2022, Plaintiff moved for an order pursuant to Federal Rule of Civil Procedure 60(a) amending the judgment entered in this action to correct the spelling of the name of one of the individual defendants. Dkt. No. 41. In support of the motion, Plaintiff's counsel submitted a declaration explaining that the complaint and all subsequent documents filed in this action misspelled the name of defendant Robinson Capello; the correct spelling is Robinson Capellan. Dkt. No. 42 ¶¶ 4–5. Plaintiff's counsel avers that, notwithstanding this incorrect spelling, "Capellan has received notice of this action and has had ample opportunity to respond." *Id.* ¶ 6. Plaintiff also filed an affidavit of service on the docket that reflects that "Robinson Capello" was served by mail at 2447 Creston Avenue, Bronx, New York 10468 with the motion to amend the

1

judgment and supporting paperwork.  Dkt. No. 40.  No defendant—including Capellan—has responded to the motion.

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" and "may do so on motion or on its own, with or without notice."  Fed. R. Civ. P. 60(a).  In the Second Circuit "in appropriate circumstances, a district court may employ this Rule to correct misnomers in a party's name.  Such a misnomer may be corrected when 'plaintiffs did not select the wrong defendant but committed the lesser sin of mislabeling the right defendant.'"  *Robinson v. Sanctuary Music*, 383 F. App'x 54, 57 (2d Cir. 2010) (summary order) (quoting *Datskow v. Teledyne, Inc., Cont'l Prods. Div.*, 899 F.2d 1298, 1301 (2d Cir. 1990) (holding that district court did not abuse its discretion in amending summons, complaint, and default judgment to correct misnaming of defendant as "Sanctuary Music" when correct name was "Sanctuary Records Group").  In determining whether a party actually selected the wrong defendant or mislabeled the right defendant such that a court can correct the misnomer, a court considers "whether the plaintiff identifies the defendant in several ways, whether the complaint lists the defendant's correct address, and the degree of similarity between the name contained in the complaint and the actual name."  *Sermuks v. Orion Caterers, Inc.*, 2017 WL 5714087, at *3 (E.D.N.Y. Nov. 28, 2017) (citing *Robinson*, 383 F. App'x at 57).

Here, all three factors point in favor of a conclusion that Plaintiff mislabeled the correct defendant.  "Capello" was identified in Plaintiff's complaint as "an officer, director, shareholder, and/or person in control of the Restaurants who exercises significant control over the Restaurants' operations."  Dkt. No. 1 ¶ 13.  Plaintiff's counsel has attached to his declaration a time sheet that lists the manager of Fresh Frutii LLC as "Robinson Capellan."  Dkt. No. 42-2.

The complaint also lists 2450 Creston Avenue, Bronx, New York 10468 as the addresses for one of the Restaurants, Dkt. No. 1 at ¶ 9, and Plaintiff's counsel has submitted a LexisNexis report showing that Robinson Capellan is associated with that address, Dkt. No. 42-1 at ECF p. 4. There is also an affidavit of service in the record that states a "Robinson Capello" was served at 2447 Creston Avenue, Bronx, New York 10468, Dkt. No. 35, which is another address the LexisNexis report states is associated with Capellan, Dkt. No. 42-1 at ECF p. 4. Finally, there is a high degree of similarity between the name "Robinson Capello" and "Robinson Capellan."

Plaintiff has met her burden to show that she mislabeled the correct defendant in naming Robinson Capellan as "Robinson Capello" in the filings in this case. The motion to amend the judgment is therefore GRANTED. The Clerk of Court is respectfully directed to amend the caption to substitute "Robinson Capellan" in place of "Robinson Capello" and to issue a revised judgment in place of Dkt. No. 37 containing the correct name for Defendant Robinson Capellan.

SO ORDERED.

Dated: August 1, 2022
New York, New York

_____
LEWIS J. LIMAN
United States District Judge